IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CORRIGAN; NICK LIRONES; and DAVID SQUIER, | |
| Plaintiffs, | 2:23-CV-1601 |
| v. | |
| SOLENTURE, LLC; and STEVEN C. PRICE, | |
| Defendants. | |

## MEMORANDUM ORDER

Plaintiffs are former executives of Pechiney Corporation (which is now Howmet Aerospace, Inc.). ECF 22, ¶ 4. They participated in a deferred compensation plan, which provided for, among other things, certain survivor benefits upon death. *Id.* ¶¶ 5, 16-17. In July 2020, Howmet terminated the plan. *Id.* ¶ 33. Under Section 7.3 of the plan, that meant that the death benefits terminated, and were not payable, and so Howmet only had to pay Plaintiffs the balances of their accounts. ECF 22-1, § 7.3 (referring to Section 9.2, employer's right to terminate). Plaintiffs litigated this dispute with Howmet but lost. *See Howmet Aerospace, Inc. v. Corrigan*, No. 22-713, 2023 WL 4540342, at *3 (W.D. Mich. July 14, 2023) (granting Howmet's motion for judgment on the pleadings and holding no payment owed to beneficiaries under Section 7.3).

In this case, Plaintiffs have sued Solenture, LLC which was the third-party administrator for the plan, and Steven C. Price, Solenture's Chief Executive Officer. ECF 22, ¶¶ 6-7. Plaintiffs claim that Solenture's annual account statements to them represented that the death benefits were part of the "balance" of their deferred compensation account, and thus would not be subject to termination. *Id.* ¶ 29 ("Solenture unambiguously and falsely represented that the survival benefits were part of the Deferred Compensation Account balance, rather than a separate

1

account."). From this allegation, Plaintiffs bring negligence, contract, and quasi-contract claims.

Before the Court is Defendants' motion to dismiss. ECF 23. On careful review of the amended complaint, the exhibits, and the briefing on Defendants' motion to dismiss, the Court finds that the Solenture statements were not plausibly false or incorrect, and therefore grants Defendants' motion.

Importantly, the first page of the statements listed the death benefits (*i.e.*, "Payment due Upon Death") as a separate line item from the "Balance":

> In accordance with Section 6.3 of the Pechiney Corporation Deferred Compensation Plan, following is a statement of your Deferred Compensation Account:
>
> 1. Balance as of January 1, 2019           $ 293.34
> 2. Interest credited during 2019           $ 17.54
> 3. Distribution in 2019                    $ 48.89
> 4. Balance as of December 31, 2019         $ 261.99
> 5. Payment due Upon Death                  $ 546,000.00

ECF 22-3, p. 2 (statement for plaintiff Nick Lirones); *see also* ECF 22-4, p. 2 (statement for plaintiff John Corrigan).

This is significant because upon termination, the balance of the account was payable, but the death benefits were not. There is nothing in the Solenture statements combining these two. For example, Plaintiffs may have had a point if Solenture combined the death benefits with the normal balance and reported it as a single line on the account statement, but it didn't. Solenture listed everything separately; indeed, in its projections on the second page of the statement, it had different columns for the projected account balance and projected survivor benefits:

| | (1) | (2) | (3) | (4) | (5) (EOY) | (6) (EOY) | (7) (EOY) Proj Surv Ben (Formula) | (8) (EOY) Proj Surv Ben (MAX of 6 & 7) | (9) Accr Adj @ Dth | (10) |
|---|---|---|---|---|---|---|---|---|---|---|
| RET DATE | Plan Year | Deferred Amount | Ret Pmts | Surv Pmts | Int Earned | Proj Acct Bal | | | | Yrs in Plan |
| | 1985 | 0 | | | | | | | | 0 |
| | 1986 | 13,000 | | | | | | | | 1 |
| | 1987 | 13,000 | | | | | | | 0 | 2 |
| | 1988 | 13,000 | | | | | | | 0 | 3 |
| | 1989 | 13,000 | | | | | | | 0 | 4 |
| | 1990 | 0 | | | | | | | 0 | 5 |
| | 1991 | 0 | | | | | | | 0 | 6 |
| | 1992 | 0 | | | | | | | 0 | 7 |
| | 1993 | 0 | | | | 91,485 | 124,800 | 124,800 | 0 | 8 |
| | 1994 | 0 | (15,248) | 0 | 8,529 | 84,767 | 140,400 | 140,400 | 0 | 9 |
| | 1995 | 0 | (14,128) | 0 | 8,570 | 79,209 | 156,000 | 156,000 | 0 | 10 |
| | 1996 | 0 | (13,201) | 0 | 7,479 | 73,487 | 171,600 | 171,600 | 0 | 11 |
| | 1997 | 0 | (12,248) | 0 | 6,840 | 68,079 | 187,200 | 187,200 | 0 | 12 |
| | 1998 | 0 | (11,347) | 0 | 6,129 | 62,861 | 202,800 | 202,800 | 0 | 13 |
| | 1999 | 0 | (10,477) | 0 | 5,659 | 58,043 | 218,400 | 218,400 | 0 | 14 |
| | 2000 | 0 | (9,674) | 0 | 5,577 | 53,946 | 234,000 | 234,000 | 0 | 15 |
| | 2001 | 0 | (8,991) | 0 | 5,007 | 49,962 | 249,600 | 249,600 | 0 | 16 |
| | 2002 | 0 | (8,327) | 0 | 4,631 | 46,266 | 265,200 | 265,200 | 0 | 17 |
| | 2003 | 0 | (7,711) | 0 | 4,015 | 42,570 | 280,800 | 280,800 | 0 | 18 |
| | 2004 | 0 | (7,095) | 0 | 3,589 | 39,065 | 296,400 | 296,400 | 0 | 19 |
| | 2005 | 0 | (6,511) | 0 | 3,294 | 35,848 | 312,000 | 312,000 | 0 | 20 |
| | 2006 | 0 | (5,975) | 0 | 787 | 30,660 | 327,600 | 327,600 | 0 | 21 |
| | 2007 | 0 | (5,110) | 0 | 2,303 | 27,853 | 343,200 | 343,200 | 0 | 22 |
| | 2008 | 0 | (4,642) | 0 | 2,106 | 25,317 | 358,800 | 358,800 | 0 | 23 |
| | 2009 | 0 | (4,219) | 0 | 1,843 | 22,941 | 374,400 | 374,400 | 0 | 24 |
| | 2010 | 0 | (3,823) | 0 | 1,596 | 20,713 | 390,000 | 390,000 | 0 | 25 |
| | 2011 | 0 | (3,452) | 0 | 1,387 | 18,648 | 405,600 | 405,600 | 0 | 26 |
| | 2012 | 0 | (3,108) | 0 | 1,090 | 16,629 | 421,200 | 421,200 | 0 | 27 |
| | 2013 | 0 | (2,772) | 0 | 1,055 | 14,913 | 436,800 | 436,800 | 0 | 28 |
| | 2014 | 0 | (14,569) | 0 | 114 | 458 | 452,400 | 452,400 | 0 | 29 |
| | 2015 | 0 | (76) | 0 | 28 | 409 | 468,000 | 468,000 | 0 | 30 |
| | 2016 | 0 | (68) | 0 | 24 | 365 | 483,600 | 483,600 | 0 | 31 |
| | 2017 | 0 | (61) | 0 | 23 | 327 | 499,200 | 499,200 | 0 | 32 |
| | 2018 | 0 | (54) | 0 | 21 | 293 | 514,800 | 514,800 | 0 | 33 |
| | 2019 | 0 | (49) | 0 | 18 | 262 | 530,400 | 530,400 | 0 | 34 |
| | 2020 | 0 | (44) | 0 | 15 | 234 | 546,000 | 546,000 | 0 | 35 |
| | 2021 | 0 | (39) | 0 | 14 | 208 | 561,600 | 561,600 | 0 | 36 |
| | 2022 | 0 | (35) | 0 | 12 | 186 | 577,200 | 577,200 | 0 | 37 |
| | 2023 | 0 | (31) | 0 | 11 | 165 | 592,800 | 592,800 | 0 | 38 |
| | 2024 | 0 | (28) | 0 | 10 | 147 | 608,400 | 608,400 | 0 | 39 |
| | 2025 | 0 | 0 | (608,400) | 0 | 0 | 0 | 0 | 608,253 | 40 |
| | 2026 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 41 |

ECF 22-3, p. 3; *see also* ECF 22-4, p. 3.[1]

---

[1] Plaintiffs argue that the sentence on the first page of the statement, "Attached for your information is a projection of your Deferred Compensation account balance" is misleading because it suggests that the death benefits were part of the balance. But, again, the attachment itself (embedded above) shows the balance and death benefits as separate columns.

Based on this, no reasonable plan participant could understand Solenture as representing that the terminable death benefits were part of the non-terminable balance.[2]

The real complaint that Plaintiffs have is that they did not understand the termination provisions of the plan. But that's not Solenture's fault. There is nothing in the statements sent by Solenture that represented that the death benefits were not terminable. The statements neither opined on termination events nor consequences of termination under the plan. Solenture just reported the numbers.

Because of this threshold defect, which is central to all of Plaintiffs' claims, all the claims fail as a matter of law, and further amendment of the complaint would be futile. The amended complaint must therefore be dismissed with prejudice.[3]

---

[2] Any reasonableness of Plaintiffs' reliance on the Solenture annual statements is further undercut by Plaintiffs' assertion that they relied not only on the statements but also on the plan's language. ECF 22, ¶ 82. As the District Court for the Western District of Michigan held, the plan unambiguously refutes Plaintiffs' interpretation. *See Howmet*, 2023 WL 4540342, at *3.

[3] A few words on two of Defendants' other arguments. First, the Court disagrees with Defendants as to the issue of amount-in-controversy and finds that Plaintiffs have each pled more than $75,000 in damages, and thus the Court has jurisdiction. *See* ECF 22, ¶ 50; *see also* ECF 28-1 (providing quotes for permanent life insurance premiums). Second, the Court agrees with Defendants that the two-year statute of limitations bars Counts I, II, and VI, which is an additional reason why those counts fail. Discovery-rule tolling can't save those because Plaintiffs knew of their claims here when Howmet sent them the termination letters in July 2020—more than two years before they brought this case. *See Rodgers v. Lincoln Benefit Life Co.*, 845 F. App'x 145, 148 (3d Cir. 2021) (statute of limitations triggered when plaintiff learned of misrepresentation); *see also Robinson v. Cnty. of Allegheny*, 404 F. App'x 670, 674 (3d Cir. 2010) (holding claim accrued when harm occurred, even though it wasn't acknowledged until a later judicial decision).

*****

For the above reasons, it is hereby **ORDERED** that Defendants' motion to dismiss (ECF 23) is **GRANTED**, and the amended complaint (ECF 22) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall mark this case as **CLOSED**.

DATE: March 20, 2024                              BY THE COURT:

                                                                              /s/ *J. Nicholas Ranjan*
                                                                              United States District Judge